**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | : : : : : : | Civil Action No. |
| Plaintiff, | : : | CLASS ACTION COMPLAINT |
| vs. | : : | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PRODUCTS L.P., THE PEER GROUP, INC. and JOHN DOES 1-10, | : : : : : | |
| Defendants. | : : : | DATED:  August 17, 2012 |

**CLASS ACTION COMPLAINT**

Plaintiff, PHYSICIANS HEALTHSOURCE, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PRODUCTS L.P., THE PEER GROUP, INC. and JOHN DOES 1-10 ("Defendants").

**PRELIMINARY STATEMENT**

1.     This case challenges Defendants' practice of sending unsolicited facsimiles.

2.     The federal Telephone Consumer Protection Act, 47 USC §227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA and for injunctive relief.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227.  This Court also has subject matter jurisdiction over the common law claims as this action is brought as class action pursuant to 28 U.S.C. §1332 as amended by the Class Action Fairness Act of 2005.

7.      Venue is proper in the District of Connecticut because Defendants committed a statutory tort within this district, a significant portion of the events took place here, and Defendants have their principal places of business here.

## PARTIES

8.      Plaintiff is an Ohio corporation.

2

9.      On information and belief, Defendant, PURDUE PHARMA L.P., is a privately held pharmaceutical company with its principal place of business in Stamford, CT.

10.      On information and belief, Defendant, PURDUE PHARMA INC., is a New York corporation with its principal place of business in Stamford, CT.

11.      On information and belief, Defendant, PURDUE PRODUCTS L.P., is a Delaware limited partnership with its principal place of business in Stamford, CT.

12.      On information and belief, Defendant, THE PEER GROUP, INC., is a New Jersey corporation with its principal place of business in Edison, NJ.

13.      John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

14.      On or about October 28, 2010, November 11, 2010, January 7, 2011, January 11, 2011, January 18, 2011, January 25, 2011, February 1, 2011, February 2, 2011, February 7, 2011, February 9, 2011, February 10, 2011, February 16, 2011, February 22, 2011, July 5, 2011, October 11, 2011, October 18, 2011, October 25, 2011, November 1, 2011, November 8, 2011, November 15, 2011, November 30, 2011, December 1, 2011 and December 7, 2011, Defendants transmitted by telephone facsimile machine a total of 40 unsolicited faxes to Plaintiff.  Copies of the facsimiles are attached hereto as Group Exhibit A.

15.      Defendants created or made Group Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

16.      Group Exhibit A is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.  Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

17.     Plaintiff had not invited or given permission to Defendants to send the faxes.

18.     On information and belief, Defendants faxed the same and similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

19.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

20.     Defendants' facsimiles did not display a proper opt-out notice as required by 64 C.F.R. §1200.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227

21.     In accordance with FRCP 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship and (5) which did not display a proper opt out notice.

Excluded from the Class are the Defendants, their employees, agents and members of the Judiciary.

22.     Commonality [Fed. R. Civ. P. 23(A)(2)]:  Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a)      Whether the Defendants sent unsolicited fax advertisements;

4

b)      Whether the Defendants' faxes advertised the commercial availability of property, goods, or services;

c)      The manner and method the Defendants used to compile or obtain the list of fax numbers to which it sent Group Exhibit "A" and other unsolicited faxed advertisements;

d)      Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

e)      Whether the Defendants sent the faxed advertisements knowingly;

f)      Whether the Defendants violated the provisions of 47 U.S.C. §227;

g)      Whether the Defendants should be enjoined from faxing advertisements in the future;

h)      Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

i)      Whether the Court should award treble damages.

23.     Typicality [Fed. R. Civ. P. 23(A)(3)]:   The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received a fax sent on behalf of the Defendants advertising goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

24.     Fair and Adequate Representation [Fed. R. Civ. P. 23(A)(4)]:   The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

25.     Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23(B)(1)]:   Class certification is appropriate because the prosecution of individual actions by class members would: a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

26.     Common Conduct [Fed. R. Civ. P. 23(B)(2)]:   Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

27.     Predominance and Superiority [Fed. R. Civ. P. 23(B)(3)]:   Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

a)      Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

b)      Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

c)      The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support protested individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs;

e)      This case is inherently managed as a class action in that:

(i)      The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii)      Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii)      Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)      A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense:

(v)      A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi)      As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

28.      The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. §227.

29.      The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. §227(a)(4).

30.      The TCPA provides:

3. Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

7

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

(B)     An action to recover actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

31.     The TCPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if its actions were only negligent.

32.     The Defendants knew or should have known that a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; b) the Plaintiff and the other class members did not have an established business relationship; and c) Defendants transmitted an advertisement.

33.     The Defendants' actions caused damages to the Plaintiff and the other class members.  Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes.  Moreover, the Defendants' faxes used the Plaintiff's fax machine.  The Defendants' faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendants' illegal faxes. That time otherwise would have been spent on the Plaintiff's business activities.  The Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.  Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

34.     The Defendants violated 47 U.S.C. §227, et seq., by transmitting advertisements to the Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PRODUCTS L.P., THE PEER GROUP, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

B.      That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

C.      That Court enjoin the Defendants from additional violations; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

Dated:  August 17, 2012                    **SCOTT + SCOTT LLP**

                                           By:  /s/  Maria K. Tougas
                                               Maria K. Tougas (CT 05624)
                                               David R. Scott (CT 16080)
                                               Joseph P. Guglielmo (CT 27481)
                                               156 South Main Street
                                               P.O. Box 192
                                               Colchester, CT  06415
                                               Telephone:   (860) 537-5537
                                               Facsimile:    (860) 537-4432
                                               mtougas@scott-scott.com
                                               drscott@scott-scott.com
                                               jguglielmo@scott-scott.com

                                           **ANDERSON + WANCA**
                                               Brian J. Wanca
                                               3701 Algonquin Road, Suite 760
                                               Rolling Meadows, IL  60008

Telephone:   (847) 368-1500
Facsimile:    (847) 368-1501
bwanca@andersonwanca.com

*Attorneys for Plaintiff*