IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | : : : : : : | Civil Action No. 3:12-cv-01208-SRU |
| Plaintiff, | : : | |
| vs. | : : | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PRODUCTS L.P., THE PEER GROUP, INC. and JOHN DOES 1-10, | : : : : : | DATED:  August 29, 2012 |
| Defendants. | : : | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
AND REQUEST FOR STATUS CONFERENCE**

NOW COMES Plaintiff, pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (g), and hereby submits its Motion for Class Certification.

**A.     Proposed Class Definition.**

Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

Defendants sent Plaintiff and others a standardized form advertisement.  Plaintiff requests leave to submit a memorandum of law in support of its Motion and other evidence after it obtains discovery.

**B.     Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Here, on information and belief, the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable.  Plaintiff has received 40 separate fax broadcasts from Defendants.  On information and belief, Defendants' advertisements were successfully sent to at least 40 facsimile numbers.  Individual joinder of absent class members is impracticable.

**C.     Commonality.**

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  "The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact." *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco*, 504 F.3d 229, 245 (2d Cir. 2007)(*citing Marisol A. v. Giuliani,* 126 F.3d 372, 376 (2d Cir. 1997).  Here, the commonality requirement is satisfied because the named plaintiff shares several questions of law and fact with the prospective class.  Defendants engaged in standardized conduct involving a common nucleus of operative facts by faxing a single advertisement form to persons on a list generated by Defendants and/or a third party, which did not obtain prior express invitation or permission to send Defendants' advertisement by fax and failed to include the proper opt-out notice required by federal law and regulations.  *See* 47 C.F.R. 64.1200.  Accordingly, commonality is satisfied.

D.   **Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendants' fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

E.   **Adequacy of Representation.**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

F.   **Predominance.**

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

G.   **Superiority.**

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 117 S. Ct. 2231(1997).

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint

3

Plaintiff's attorneys as class counsel. Plaintiff will file its memorandum of law in support of its Motion after discovery has been completed. The parties need to meet and confer and propose a discovery schedule with this Court and respectfully request a status conference with the Court as soon as practicable.

Respectfully submitted,

**SCOTT + SCOTT LLP**

By: s/Maria K. Tougas
Maria K. Tougas (CT 05624)
David R. Scott (CT 16080)
Joseph P. Guglielmo (CT 27481)
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:     (860) 537-5537
Facsimile:     (860) 537-4432
mtougas@scott-scott.com
drscott@scott-scott.com
jguglielmo@scott-scott.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
Facsimile:   (847) 368-1501
bwanca@andersonwanca.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that the foregoing document or paper will be personally served on the Defendants at the addresses indicated below at the time the complaint is served.

I certify under the laws of the United States of America that the foregoing is true and correct. Executed on August 29, 2012.

/s/ Maria K. Tougas
Maria K. Tougas (CT 05624)
**SCOTT+SCOTT LLP**
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:    (860) 537-5537
Facsimile:     (860) 537-4432

**Defendants**

Purdue Pharma L.P
One Stamford Forum
201 Tresser Boulevard
Stamford, CT  06901

Purdue Pharma Inc.
c/o Prentice Hall Corporation System
50 Weston Street
Hartford, CT  06120

Purdue Products L.P.
One Stamford Forum
201 Tresser Boulevard
Stamford, CT  06901

The Peer Group, Inc.
c/o Corporation Service Company
830 Bear Tavern Road
West Trenton, NJ  08628