# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PRODUCTS L.P., THE PEER GROUP, INC. and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 3:12-cv-1208-SRU<br><br><br><br><br><br>DATED:  November 19, 2012 |

## REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FRCP 26(f)

**Date Complaint Filed:**             August 17, 2012

**Date Complaint Served:**          August 31, 2012

**Date of Defendants' Appearances:**   September 24 and 26, 2012

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and D. Conn. L. Civ. R. 16, the parties held a 26(f) conference on November 5, 2012.  The participants were: Joseph Guglielmo and George Lang for Plaintiff, Physicians Healthsource, Inc. ("Plaintiff"), Natalie Shonka for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and Purdue Products L.P. ("Purdue Defendants"), and Patrick Clendenen for Defendant The Peer Group, Inc. (collectively with the Purdue Defendants, the "Defendants").

## I.      Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.  Jurisdiction

### A.  Subject matter jurisdiction

This is a class action claim brought pursuant to 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005. The parties agree that there is federal question jurisdiction over the substantive Telephone Consumer Protection Act claim.

### B.  Personal Jurisdiction

The parties certify that they are subject to the personal jurisdiction of this court.

## III.  Brief description of case

### A.  Claims of Plaintiff:

Plaintiff seeks to represent a putative class of more than 39 recipients who have received unsolicited facsimile communication from Defendants. Despite the fact that Plaintiff has neither invited, nor given permission to Defendants to send these faxes, Plaintiff has received a total of 40 unsolicited faxes. Since fax machines are continuously left in operating mode ready to receive communication, there is no reasonable opportunity for Plaintiff to avoid receiving unauthorized faxes.

Plaintiff alleges that by engaging in this repeated conduct, Defendants have violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, which makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. §227(b)(1)(C). As a result of Defendants' misconduct, Plaintiff's business working routine was frequently interrupted and necessitated loss

of time in receiving, reviewing, and discarding the illegal faxes. In addition, Plaintiff has suffered further economic damages by virtue of wasted paper and toner capacity of its facsimile machines. Plaintiff is seeking monetary damages in the amount of $500.00 per violation as warranted under the TCPA, 47 U.S.C. §227(b)(3)(B).

### B. Defenses and Claims of Defendants:

Defendants contend that the fax is not an advertisement and that the class claims fail because the plaintiff cannot carry its burden on typicality, commonality, ascertainability, or predominance. Plaintiff has not alleged and cannot establish on a class-wide basis that the faxes were "unsolicited" or that neither Defendant had an established business relationship with the members of the putative class. Defendants also contend that the named Plaintiff consented to receive the facsimile transmissions at issue. Further, Defendants reserve the option to defend the action on any other grounds that become known if discovery proceeds, including but not limited to a defense that the Plaintiff had an established business relationship with either Defendant. Defendants do not make any counterclaims or cross claims.

## IV. Statements of the Undisputed Facts

Counsel certify that they will make a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that, at the present time, there are no material facts on which they can agree.

## V. Case Management Plan

### A. Standing Order on Scheduling in Civil Cases

The parties submit alternate requests for modification of the deadlines in the Standing Order on Scheduling in Civil Cases, as set forth in Paragraphs D and E below.

### B. Scheduling Conference with the Court

The parties request a scheduling conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

**C. Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of parties and Amendment of Pleadings**

1. Plaintiff proposes the following schedule:

    a. Plaintiff should be allowed until Dec. 31, 2012 to file motions to join additional parties and until Dec. 31, 2012 to file motions to amend the pleadings.

    b. Defendants should be allowed until Dec. 31, 2012 to file motions to join additional parties and until Nov. 30, 2012 to file a response to the complaint.

2. Defendants propose that Plaintiff and Defendants have 14 days after the Court rules on the pending dispositive motions (docs. ## 24-25) to file motions to join additional parties, or amend the pleadings, and that Defendants have until 21 days after the Court rules to file a response to the Complaint, if the case is still pending at that time.

**E. Discovery**

1. **Plaintiff proposes** the following discovery schedule:

a. Plaintiff anticipates that discovery will be needed on the following general subjects: (a) Plaintiff and any purported class members' receipt of the document attached to the Complaint as Exhibit A; (2) Plaintiff's procedures and chain of custody protocols regarding the receipt and maintenance of the document attached to the Complaint as Exhibit A; (3) any consent, invitation, or EBR between the plaintiff and defendant and between putative class and the defendant or any agent identified; (4) the identifiability of a class; (5) ownership and possession of the machines that purportedly received the subject facsimile; (6) whether Exhibit A to the complaint is an advertisement; and (6) the issues of numerosity, commonality, typicality, adequacy, predominance and superiority for the class-wide allegations.

b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence on Dec. 1, 2012 and will be completed (not propounded) by June 30, 2013.

c. Discovery will be conducted in phases, Rule 23 issues and limited merits discovery for purposes of Rule 23 issues, then merits issues following class certification. The following dates are for Phase I.

d. Fact discovery will be completed by Mar. 31, 2013.

e. Plaintiff anticipates that it will require a total of six (6) depositions of fact witnesses and that Defendants will require a total of six (6) depositions of fact witnesses. The deposition will commence as early as December 15, 2012 and will be completed by March 31, 2013.

    f.    At this time, Plaintiff does not anticipate requesting permission to serve more than 25 interrogatories, but reserves the right to do so if deemed necessary.

    g.    Plaintiff anticipates calling expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 15, 2013. Depositions of any such experts will be completed by June 15, 2013.

    h.    Defendants have not yet determined if they will call an expert witness at trial. Defendants will designate any and all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 15, 2013. Depositions of any such experts will be completed by June15, 2013.

    i.    Plaintiff proposes that a damage analysis will be provided by any party who has a claim or counterclaim for damages within forty-five (45) days after the Court rules on Plaintiff's Rule 23 motion.

2.    **Defendants propose** that the parties wait until after the Court has ruled on defendants' pending dispositive motions (docs. ## 24-25) to determine (a) if any discovery is necessary and, if so, (b) what issues require discovery and (c) a schedule for completing that discovery. Defendants propose that the parties submit an amended Rule 26(f) Report within 14 days after the Court rules on the pending motions (docs. ## 24-25), if the case is still pending at that time.

3.    **The parties agree** that:

      j.     Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties will be negotiating an agreement governing the protocol in which electronically stored information will be disclosed. Discovery of electronically stored information will be addressed in the parties' perspective discovery requests.

      k.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege of work-product protection, including procedures for asserting privilege claims after productions. The parties will negotiate an agreement governing the procedures for asserting claims of privilege and work-product protection.

**F. Dispositive Motions**

1. Plaintiff proposes the following schedule: Dispositive motion for class certification will be filed on or before March 31, 2013 if this Court adopts Plaintiff's schedule. A second scheduling conference with the Court after the Court rules on Plaintiff's Rule 23 motion should be held to determine a schedule for remaining merits discovery, class notice and for Rule 56 motions.

2. Defendants propose that the parties confer about a timeline for a class certification motion and to propose a schedule after the Court has ruled on the pending motions, if the case is still pending at that time.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial memoranda in Civil Cases will be filed on or before one hundred and fifty (150) days after the deadline for returning class notice, if a class is certified in this case.

### VI. Trial Readiness

The case will be ready for trial on or before sixty (60) days after the deadline for the joint trial memorandum.

As Officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF | DEFENDANTS |
|---|---|
| **PHYSICIANS HEALTHSOURCE, INC.** | **PURDUE PHARMA L.P.,** <br> **PURDUE PHARMA INC.,** <br> **PURDUE PRODUCTS L.P** |
| By: /s/ Erin Green Comite <br> Erin Green Comite (CT 24886) <br> David R. Scott (CT 16080) <br> Maria K. Tougas (CT 05624) <br> SCOTT+SCOTT LLP <br> 156 South Main Street <br> P.O. Box 192 <br> Colchester, CT 06415 <br> Telephone: (860) 537-5537 <br> Facsimile: (860) 537-4432 | By: /s/ Natalie N. Shonka <br> Edward Wood Dunham (ct05429) <br> Natalie N. Shonka (ct28458) <br> Wiggin and Dana LLP <br> One Century Tower <br> P.O. Box 1832 <br> New Haven, Connecticut  06508-1832 <br> (203) 498-4400 <br> (203) 782-2889 fax <br> edunham@wiggin.com |

ecomite@scott-scott.com
david.scott@scott-scott.com
mtougas@scott-scott.com

Joseph P. Guglielmo (CT 27481)
SCOTT+SCOTT LLP
The Chrysler Building
405 Lexington Ave., 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

Brian J. Wanca
Ryan M. Kelly
George Lang
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
bwanca@andersonwanca.com
rkelly@andersonwanca.com
glang@andersonwanca.com
*Attorneys for Physicians Healthsource, Inc.*

nshonka@wiggin.com
*Attorneys for Purdue Pharma L.P.,
Purdue Pharma, Inc., and
Purdue Products L.P.*

**THE PEER GROUP, INC.**

By: /s/ Patrick T. Clendenen
    Patrick T. Clendenen (ct09574)
    Sean R. Higgins (ct42459)
    Nelson Mullins Riley & Scarborough LLP
    One Post Office Square
    30th Floor
    Boston, Massachusetts 02109
    (617) 573-4700
    (617) 573-4710 fax
    patrick.clendenen@nelsonmullins.com
    sean.higgins@nelsonmullins.com
    *Attorneys for The Peer Group, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of November 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                /s/ Natalie N. Shonka
                                                Natalie N. Shonka