UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PRODUCTS L.P., THE PEER GROUP, INC. and JOHN DOES 1-10, <br><br> Defendants. | No. 3:12-cv-1208 (SRU) |

### RULING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Physicians Healthsource, Inc. (the "plaintiff") brought this putative class action against Purdue Pharma L.P., Purdue Pharma Inc., Purdue Products L.P., the Peer Group, Inc., and various John Does (collectively, the "defendants") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Before the court is the plaintiff's motion for class certification (doc. # 71). As explained more fully below, the plaintiff's motion is premature, and is therefore denied without prejudice to renewal following discovery.

"In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201-02 (2d Cir. 2008). A court "may then consider granting class certification where it 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy.'" *Id.* at 202 (quoting Fed. R. Civ. P. 23(b)(3)).

Class certification is appropriate "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal quotation omitted). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

Here, such "rigorous analysis" is impracticable, at least on the current record, because the plaintiff filed its motion for class certification prior to discovery. Indeed, the plaintiff appears to concede that more discovery is needed before any determinations can be made on certification, having requested "leave to submit a memorandum of law in support of its Motion and other evidence *after it obtains discovery*." Pl.'s Mot. for Class Certification at 1 (doc. # 71) (emphasis added).

The plaintiff's haste in filing the instant motion was apparently prompted by a recent Seventh Circuit decision, which held that, absent a motion for class certification pending on the docket, a putative class action may be rendered moot by an offer of judgment affording the named plaintiff full relief. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."). The Second Circuit, however, "has never adopted such a rule," *3081 Main Street, LLC v. Bus. Owners Liab. Team LLC*, No. 3:11-cv-1320 (SRU), 2012 WL 4755048, at *1 (D. Conn. Sept. 24, 2012), and several other circuits have expressly rejected it. *See, e.g.*, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081,1091-

92 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action."); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011) ("[A] named plaintiff in a proposed class action need not accept an offer of judgment or risk having his or her case dismissed as moot before the court has had a reasonable time to consider the class certification motion. Instead we conclude that a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III.").

Moreover, even assuming, *arguendo*, that a putative class complaint can be rendered moot by an unaccepted offer of judgment directed at the named plaintiff, and assuming further that the putative class can be saved by filing a place-holder motion for class certification at the earliest possible juncture, it does not follow that an initial, under-developed motion—like the one at bar—must linger on the docket while the court awaits the filing of a later, fully-developed motion following discovery.  That is so because an order "denying certification, much like an order granting certification, is 'inherently tentative' and the court 'remains free to modify it in light of subsequent developments in the litigation.'" *3081 Main Street, LLC*, 2012 WL 4755048, at *2 (quoting *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160 (1982)); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants *or denies* class certification may be altered or amended before final judgment.") (emphasis added).  To the extent that class allegations are preserved from mootness by the filing of a premature motion for certification, they are no less preserved by an order denying that motion without prejudice to renewal before final judgment.

Where, as here, the movant admits that more discovery is needed on matters related to

class certification, the interests of the parties, as well as the interests of the court, are best served by deferring consideration of any such motion until that process is complete. Accordingly, plaintiff's motion for class certification (doc. # 71) is denied without prejudice to renewal after discovery.

    It is so ordered.

    Dated at Bridgeport, Connecticut this 6th day of September 2013.

    /s/ Stefan R. Underhill  
    Stefan R. Underhill  
    United States District Judge