## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHYSICIANS HEALTHSOURCE, INC.,
an Ohio corporation, individually and as the
representative of a class of similarly-
situated persons,

    Plaintiff,

    v.

PURDUE PHARMA L.P., PURDUE
PHARMA INC., PURDUE PRODUCTS
L.P., THE PEER GROUP, INC. and JOHN
DOES 1-10,

    Defendants.

No. 3:12-cv-1208 (SRU)

## RULING ON MOTION TO STAY

Plaintiff Physicians Healthsource, Inc. brought this putative class action against Purdue

Pharma L.P., Purdue Pharma Inc. and Purdue Products L.P. (collectively, "Purdue"), the Peer

Group, Inc., and various John Does (together, the "defendants") alleging that the defendants

violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, as

amended by the Junk Fax Protection Act of 2005, by sending fax advertisements to the plaintiff

and others without proper opt-out language.  *See* Am. Compl. (doc. # 69).  Now before me is the

defendants' motion to stay this case pending a final merits disposition of Purdue's administrative

petition to the Federal Communications Commission ("FCC") (doc. # 96).

### I.    Background

From October 2010 to December 2011, the plaintiff received approximately forty

facsimiles from the defendants promoting various interactive web conferences and dinner

1

programs concerning the defendants' pain management programs.  *See* Am. Compl. ¶ 14.  All of

the faxes at issue in this case contained identical opt-out language: "If you do not wish to be

contacted with future fax offers from The Peer Group, please call 888-733-7321 or fax at 800-

929-8290."  *Id.* ¶¶ 14, 18, 21 and Ex. A.  According to the plaintiff, this language failed to

comply with the TCPA's requirements under 47 U.S.C. § 227(b)(2)(D) and the regulations

promulgated thereunder by the FCC.  At least thirty-nine other businesses received the same or

similar fax advertisements with the same opt-out provision.  *Id.* ¶ 18.  On that basis, the plaintiff

seeks to represent a class of individuals and businesses that received the same or similar

facsimiles during a four-year period.  *Id.* ¶ 21.[1]  The defendants moved to dismiss the amended

complaint (doc. # 76), and a hearing was held on May 21, 2013, at which time I issued an oral

ruling denying the motion to dismiss in substantial part.  *See* Hr'g Tr. 38-41, May 21, 2013 (doc.

# 90).  I reserved decision, however, on one narrow issue raised by the defendants' motion:

namely, whether the TCPA creates a private right of action for failure to include opt-out

language on solicited—as opposed to unsolicited—fax advertisements.  *Id.* at 38.

The TCPA restricts the "use [of] any telephone facsimile machine, computer, or other

device to send, to a telephone facsimile machine, an *unsolicited* advertisement."  47 U.S.C. §

227(b)(1)(C) (emphasis added).  The term "unsolicited advertisement" means "any material

advertising the commercial availability or quality of any property, goods, or services which is

transmitted to any person without that person's prior express invitation or permission."  47

U.S.C. § 227(a)(5).  It is a violation of the TCPA to transmit an unsolicited fax advertisement

unless it contains an opt-out notice meeting certain statutory requirements.  47 U.S.C. §

---

[1] On September 6, 2013, I denied the plaintiff's motion for class certification as premature, because the parties had yet to complete discovery on matters related to class certification.  The motion was denied without prejudice to renewal after discovery.  *See* doc. # 93.

227(b)(1)(C)(iii).[2]  The TCPA creates a private right of action for alleged violations of this statutory provision and any of its implementing regulations, and vests the FCC with authority to adopt such regulations.  47 U.S.C. § 227(b)(2)-(3).  Purporting to rely on that statutory authority, the FCC promulgated a regulation requiring a "facsimile advertisement that is sent to a recipient that has provided *prior express invitation or permission to the sender*" to include an opt-out notice.  47 C.F.R. § 64.1200(a)(4)(iv) (emphasis added).[3]  Thus, although the TCPA itself appears to apply only to "*unsolicited* [fax] advertisements," 47 U.S.C. §§ 227(b)(1)(C); (b)(2)(D) (emphasis added), the FCC has adopted a regulation that appears to expand the TCPA's opt-out notice requirement to solicited faxes as well.

The plaintiff's claims likely depend, at least in part, on this regulation, because there is evidence that the faxes in question were sent with permission.  As a result, the plaintiff has argued that even if the FCC exceeded its statutory authority in attempting to regulate the content of solicited faxes, the Hobbs Act, 28 U.S.C. § 2342, prevents this court from considering any defensive challenge to the validity of section 64.1200(a)(4)(iv) in a private action for damages.

In making this argument, the plaintiff relies on the Eighth Circuit's decision in *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).  The *Nack* Court questioned whether the FCC properly could have promulgated section 64.1200(a)(4)(iv) pursuant to 47 U.S.C. § 227(b)(2), because the TCPA addresses only unsolicited faxes.  715 F.3d at 682.  The Court nevertheless declined to decide this issue, because it found that the Hobbs Act precluded it "from entertaining challenges to the regulation other than on appeals arising from agency proceedings."[4]  *Id.*  Although the

---

[2] Section 227(b)(2)(D) sets forth the requirements for a proper opt-out notice, including the placement and content of the notice.  *See* 47 U.S.C. § 227(b)(2)(D).
[3] Prior to October 16, 2013, this regulation was listed as 47 C.F.R. § 64.1200(a)(3)(iv).  The October 2013 amendment changed the placement of this provision, but worked no substantive change.
[4] The Hobbs Act vests the courts of appeals with exclusive jurisdiction to "enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342(1) (emphasis added).  Section 402(a), in turn, provides

defendant, Walburg, was challenging the validity of section 64.1200(a)(4)(iv) as a defense to liability in a private action, the Hobbs Act's review procedure still applied, because "the practical effect of a successful attack on the enforcement of [the regulation] involves a determination of its validity." *Id.* at 686 (internal citations omitted); *see also CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 448 (7th Cir. 2010) (citing *City of Peoria v. Gen. Elec. Cablevision Corp. (GECCO)*, 690 F.2d 116, 120 (7th Cir. 1982)).  The Eighth Circuit remanded the case, noting that "the district court may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised herein." *Id.* at 687.

Pursuant to the Eighth Circuit's suggestion, Walburg filed a Petition for Declaratory Ruling and/or Waiver with the FCC and moved for a stay of the case pending the outcome of the administrative proceedings.[5]  U.S. District Judge Audrey Fleissig of the Eastern District of Missouri granted Walburg's motion for stay over the plaintiff's objection on September 12, 2013.  *Nack v. Walburg*, No. 4:10CV00478 AGF, 2013 WL 4860104, at *1-2 (E.D. Mo. Sept. 12, 2013).  Since the Eighth Circuit's decision in *Nack*, several other courts have stayed TCPA class actions pending the resolution of FCC proceedings as well.  *See, e.g.*, *St. Louis Heart Ctr., Inc. v. Gilead Palo Alto, Inc.*, No. 4:13-CV-958-JAR, 2013 WL 5436651, at *1-2 (E.D. Mo. Sept. 27, 2013); *Raitport v. Harbour Capital Corp.*, No. 09-cv-156-SM, 2013 WL 4883765, at *1 (D.N.H. Sept. 12, 2013); *St. Louis Heart Ctr., Inc. v. The Forest Pharm., Inc.*, No.

---

that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter . . . shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28 [i.e., by administrative procedure, with direct review by the court of appeals]."  47 U.S.C. § 402(a).  The Supreme Court has ruled that for the purposes of 47 U.S.C. § 402 an "order" includes an FCC rule or regulation promulgated by a rulemaking. *Columbia Broadcasting System, Inc. v. United States*, 316 U.S. 407, 416 (1942).

[5] Walburg also filed a petition for certiorari to the Supreme Court challenging the substantive holding in that case, which remains pending at the time of this ruling.  Petition for a Writ of Certiorari at 12-16, *Walburg v. Nack*, No. 13-486, 2013 WL 5666599 (U.S.).  In that petition, Walburg expresses some concern about the availability of administrative review at this stage to support his argument that the Supreme Court should grant certiorari. Nevertheless, Walburg *is* pursuing administrative review and filed a Petition for Declaratory Ruling and/or Waiver with the FCC on August 19, 2013.  *See Nack v. Walburg*, 4:10CV00478 AGF, 2013 WL 4860104, *1-2 (E.D. Mo. Sept. 12, 2013).

4:12CV02224 JCH, 2013 WL 3988671, at *1 (E.D. Mo. July 17, 2013); *Burik v. Staples Contract and Commercial, Inc.*, No. 1:12–cv–10806–NMG (doc. # 90) (D. Mass. Aug. 9, 2013); *Medical West Ballas Pharmacy, Ltd. v. Richie Enter., L.L.C.*, No. 09SL–CC05410–01 (St. Louis Cnty. Sept. 11, 2013); *but see Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12-CV-5490, 2013 WL 4782161, at *1-2 (N.D. Ill. Sept. 6, 2013) (denying motion to stay).  Following suit, the defendants now move to stay this case pending a final merits disposition, including any appeal, of Purdue's FCC petition, which was filed on December 12, 2013.  *See* Defs.' Reply Ex. A (doc. # 98-1).

## II.    Discussion

"The decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion."  *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991).  Staying this case pending a ruling by the FCC has the potential to conserve judicial resources and minimize the chance of error.  Purdue's petition to the FCC seeks a declaratory ruling that the requirements for solicited faxes imposed by sections 64.1200(a)(4)(iii) and (iv) were not and could not have been promulgated under section 227(b) of the TCPA and/or a declaration that the opt-out notices here were either sufficient under the statute or merit a waiver from strict compliance.  The resolution of that petition will have a substantial effect on the disposition of controlling issues in this case, with respect to both certification of the proposed class and the ultimate liability of the defendants.  Additionally, although I am inclined to agree with the defendants that the FCC lacks authority to regulate solicited faxes pursuant to section 227(b) of the TCPA and am not entirely persuaded by the Eighth Circuit's conclusion that the Hobbs Act bars me from reaching this conclusion, given the complete lack of Second Circuit precedent on this issue, a stay seems the wiser course of action.

Despite these obvious advantages, the plaintiff opposes the defendants' motion, arguing that the case cannot be stayed until the issue of "consent" to receive the faxes has been resolved, that a lengthy stay would prejudice the putative class because evidence will be lost during this time, and that FCC proceedings would be futile, because the FCC has already resolved these issues against the defendants.  I am not persuaded by the plaintiff's objections.  First, as noted above, there is significant evidence that the faxes the plaintiff received were sent with permission.  The plaintiff's individual claim is directly affected by Purdue's FCC petition and the viability of that claim necessarily affects class certification.  It is not essential to litigate the issue of "consent" with respect to the rest of the "class" at this time, because class certification has not yet been granted.  Second, the plaintiff's concerns about destruction or loss of evidence are unfounded given the defendants' express acknowledgment of their evidence-preservation obligations.

Third, following the Eighth Circuit's recommendation in *Nack*, several district court judges have stayed similar cases.  *E.g.*, *Nack*, 2013 WL 4860104, at *1-2; *Gilead Palo Alto*, 2013 WL 5436651, at *1; *Raitport*, 2013 WL 4883765, at *1.  The plaintiff has identified only one district court case, *Whiteamire Clinic*, which denied a stay on the grounds that "[t]he chances of the FCC overruling [the regulation] . . . appear remote" after *Nack*.  2013 WL 4782161, at * 1-2.  The plaintiff cites both *Whiteamire* and the FCC's dismissal of a similar petition for relief filed by Anda Inc. for the proposition that administrative review would be futile in these circumstances.  Pl.'s Opp. 7, 11.  But Anda Inc.'s petition was not decided on the merits and it is currently on appeal to the full Commission.  The Commissioners recently met with the petitioners in Anda, Inc. and several other petitioners that are defendants in section 64.1200(a)(4)(iv) cases.  *See* Defs.' Reply 4 (citing Letter from M. Brill to M. Dortch, dated Dec.

5, 2013, http://apps.fcc.gov/ecfs/ document/view?id=7520960866).  It stands to reason that the more petitions the FCC receives, the greater the likelihood that the Commission will address the relevant issues on the merits, and the more cases that are stayed pending the resolution of those proceedings, the greater the potential for consistent results in TCPA litigation.

## III.     Conclusion

The outcome of Purdue's FCC petition will affect key aspects of this litigation and the plaintiff will not be unduly prejudiced by a stay.  Therefore, the defendant's motion (doc. # 96) is GRANTED.  All proceedings in this case are stayed pending final resolution the relevant petition in FCC Proceeding Nos. 02-278 and 05-338.

It is so ordered.

Dated at Bridgeport, Connecticut this 3rd Day of February 2014.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge